IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM COOPER, <br> TDCJ #1180768, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES BACARISSE, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-06-0286 |

## MEMORANDUM AND ORDER ON DISMISSAL

The plaintiff, William Cooper, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Cooper proceeds *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

**I.    BACKGROUND**

Cooper is presently in TDCJ custody serving a forty-five year prison sentence that he received for his burglary conviction in state court cause number 923335, following a jury trial in the 176th District Court of Harris County, Texas. That conviction was affirmed on direct appeal, *see Cooper v. State*, No. 11-03-00197-CR, 2004 WL 2066104 (Tex. App. — Eastland, Sept. 16, 2004), and the Texas Court of Criminal Appeals refused his petition for discretionary review on March 9, 2005.

Cooper has filed this civil rights action against Harris County District Clerk Charles Bacarisse. Cooper explains that he has written to Bacarisse several times to request copies of his trial court records for the purpose of filing a state habeas corpus application. Exhibits attached to the complaint reflect that Cooper requested copies these records free of charge. Cooper complains that Bacarisse has violated his civil rights by denying his repeated requests for free copies of his state court records.

Cooper asks for injunctive relief in the form of a Court order directing Bacarisse to supply him with copies of his state court records. The Court concludes, however, that Cooper's complaint must be dismissed for reasons discussed below.

## II.      STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.  **DISCUSSION**

Cooper complains that Bacarisse has violated his civil rights by denying him access to the state court records from his criminal trial. Cooper's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

3

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

Cooper argues that he is indigent and that he is entitled to his state court records to assist him with a "meaningful appeal." The Supreme Court has held that, to satisfy the dictates of the Equal Protection and Due Process Clauses of the Fourteenth Amendment, a state may not condition a defendant's exercise of a right to appellate review upon his ability to pay for that right. *See Griffin v. Illinois*, 351 U.S. 12, 18-20 (1956). Therefore, states must provide indigent defendants "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina*, 404 U.S. 226, 227 (1971).

Cooper's conviction has been affirmed on direct appeal. The pleadings indicate that Cooper is currently pursuing post-conviction habeas corpus review at the state court level and that he seeks copies of unspecified records to assist him in that effort. It is well established that an indigent defendant does not have a constitutional right to a free copy of

his transcript or other court records for use in a collateral proceeding. *See United States v. MacCollom*, 426 U.S. 317 (1976); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973); *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971). Because Cooper has no right to a free copy of his court records, he fails to demonstrate a valid claim under 42 U.S.C. § 1983.

Likewise, the pleadings do not show that lack of access to a trial transcript has interfered with Cooper's right of access to the courts. Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). However, the prisoner's right of access to courts is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351).

In support of his claim, Cooper includes the following list of issues that he wishes to raise on habeas review: (1) his defense counsel waived Cooper's right "not to stand trial in jail clothes"; (2) neither his defense counsel nor the trial court gave Cooper the proper admonishments or a form to sign for waiving a jury trial on the issue of punishment; (3) the prosecutor engaged in misconduct by commenting during voir dire and then at trial he was "tired of offenders making parole and continuing to commit new crimes"; and (4) his defense counsel failed to object to the prosecutors prejudicial remarks about Cooper's prior criminal

5

record. Cooper does not allege or show that his lack of access to court records has prevented him from presenting his proposed claims to the state courts. To the extent that Cooper speculates that his state habeas corpus petition will be rejected for lack of access to his state court records, he lacks standing to seek injunctive relief. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). Moreover, Cooper does not demonstrate that his proposed claims are non-frivolous. Therefore, Cooper fails to state an actionable claim upon which relief can be granted.

### IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of William Cooper (TDCJ #1180768) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **January 31, 2006.**

Nancy F. Atlas
United States District Judge